PARKER *v.* WALRATH.

5-2204                                          339 S. W. 2d 121

Opinion delivered October 17, 1960.

*Richard Mobley,* for appellant.

*Gannaway & Gannaway,* for appellee.

PAUL WARD, Associate Justice. The question posed by this appeal is whether the plaintiff who was under guardianship can dismiss a complaint filed in her name. The trial court held that she could, and the guardian prosecutes this appeal for a reversal. The Revenue Commissioner is a nominal party and will be guided by this opinion. Hereafter the word "appellee" will refer only to Mrs. Walrath.

Much of the background of this case is found in a former appeal to this court involving the same parties. See: *Parker* v. *Parker,* 231 Ark. 635, 331 S. W. 2d 694. A summary statement of the evidence leading up to this litigation will be helpful to a proper understanding of the issues involved.

On October 23, 1956, Mrs. John M. Parker (appellant) executed an assignment to her daughter, Mrs. Johnie Parker Walrath (appellee), purporting to convey title to a 1955 model Oldsmobile. On September 30, 1957, Mrs. Parker's son (Parker Parker) was appointed guardian of the estate but not of the person of Mrs. Parker. On October 23, 1957, Mrs. Parker filed a suit in chancery court asking to have the assignment cancelled.

Set out hereafter is a brief summary of what occurred at the hearing before the chancellor. Numerous statements made and letters written by Mrs. Parker prior to the filing of the complaint were introduced on interrogatories to show that Mrs. Parker did not intend to give the automobile to her daughter, that she thought her daughter was taking an unfair advantage of her, and that she wanted to regain possession of the automobile. At the hearing all parties gave testimony in open court. Appellee's testimony was to the effect that her mother did give her the automobile, that she executed the assignment to her, and that she used the automobile for the pleasure of her mother, that it was available to her mother at any time she wanted it, and that she did not intend to take exclusive possession of the automobile until after her mother's death. Mrs. Parker testified emphatically that she wanted her daughter to have the automobile and that she wanted the complaint dismissed. Mrs. Parker's son and guardian, Parker Parker, was made a party plaintiff and objected strenuously to the action of the court in dismissing the complaint.

The principal contention of the guardian on appeal is that the Chancellor had no right or authority to dismiss the complaint, citing as authority Arkansas Stat-

utes, Sections 57-626, 57-627 and 57-628. In substance, as related to this case, these sections of the statutes are as presently set out. Section 57-626 provides that the guardian of an estate shall take possession of all of the ward's personal property, the title to which shall be in the ward and not in the guardian. Section 57-627 provides that all actions between the ward or the guardian and third persons shall be prosecuted by or against the guardian. Section 57-628 provides that all contracts for the sale of personal property entered into by a person subsequently put under guardianship may be approved or rejected by a court of proper jurisdiction.

We think it is clear that the first two mentioned statutes are not controlling under the facts of this case for the reason that Mrs. Parker assigned the automobile to her daughter (appellee) a year before she was declared incompetent. The last mentioned statute would not apply because we are not herein dealing with a contract to sell but with a completed gift.

*Mrs. Parker was competent to testify.* Without referring to any of our decisions which hold that the trial judge, within the exercise of sound discretion, can determine who is or who is not competent to testify, this matter is settled by Ark. Stats. § 28-601, which provides in substance as follows: All persons of unsound mind at the time of being produced as witnesses shall be incompetent to testify in a civil action provided however "that no person shall be denied the right to testify who is in possession of his or her mental faculties during a lucid interval, and provided further that it shall be within the sound discretion of the Trial Court to permit any person to testify who understands the obligation of an oath and who has sufficient understanding, and the fact that such person has been adjudged of unsound mind shall only affect his or her credibility as a witness, . . ." The record in this case discloses several facts and circumstances which lead us to conclude that the trial court did not abuse its sound discretion in allowing Mrs. Parker to testify, and also in attaching significance to the testimony which she gave. The reason given by the

Probate Court for appointing a guardian for Mrs. Parker was that she "is suffering from hypertension, arteriosclerosis and cardiovascular disease which prevents her from being able to personally manage her farm and city property." In the same order the court stated that it found Mrs. Parker "is not physically able to see after her large number of rent houses and farm property." Apparently an effort was made to have a guardian appointed for the person of Mrs. Parker but the court found that it was not necessary to do so. Also, a reading of Mrs. Parker's testimony leaves the impression that she was in full control of her mental faculties and that she had definite and sound reasons for assigning the automobile to her daughter.

In view of the above it is our conclusion that the judgment of the Trial Court should be, and it is hereby, affirmed.

Affirmed.